905 F.2d 1532
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rosalie TALLMAN; Tallman France, Inc., Plaintiffs-Appellees,
v.
FAV BUILDING, INC.; Florin Vasilescu, Individually; Florin
Vasilescu, as General Partner of The Culinary
Products Group, Ltd.; Food Products
Holding Group, Ltd.,
Defendants-Appellants.
 No. 89-2132.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 11, 1990.
Decided May 8, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Solomon Blatt, Jr., District Judge. (CA-86-3296-2-8)
 Morris Dawes Cooke, Jr., Barnwell, Whaley, Patterson & Helms, Charleston, S.C. (argued), for appellants; Mary M. Montgomery, Barnwell, Whaley, Patterson & Helms, Charleston, S.C., on brief.
 Andrew Kenneth Epting, Jr., Wise & Cole, P.A., Charleston, S.C. (argued), for appellees; W. Andrew Gowder, Jr., Wise & Cole, P.A., George J. Kefalos, Claypoole, Kefalos, Waggoner & Barrow, Charleston, S.C., on brief.
 D.S.C.
 AFFIRMED.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and RICHARD B. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Ms. Rosalie Tallman and Tallman France, Inc. ("TFI"), plaintiffs/appellees, sued FAV Building, Inc., Michele and Florin Vasilescu, Culinary Products Group, Ltd., and Food Products Holding Group for breach of contract, fraud, conversion, slander, and unfair trade practices in connection with the sale of a business. The suit arose out of what Ms. Tallman contends to have been a proposed sale by her of TFI to the defendants in 1985. The case went to trial, and on the third day of the trial, the parties announced that they had settled the case. The terms of the settlement were put on the record, subject to the review and approval of the court.
 
 
 2
 The plaintiffs alleged the defendants had not honored the settlement and moved the court to enforce the settlement. The defendants resisted the motion. They contended that the plaintiffs had not complied with their obligations under the agreed settlement and requested relief from the contract. Also, they sought a stay of the proceedings on account of a suit the defendants had filed in the New York courts, raising the very issues covered by the proceedings in the district court of South Carolina, in which there had been a settlement. The district judge reviewed the claims of non-performance on the part of the plaintiffs under the settlement, found that the plaintiffs had fully performed, and ordered the defendants to comply with the settlement. The district court also denied the defendants' request for a stay on the ground that the settlement had finally disposed of the issues sought to be raised in the New York suit.
 
 
 3
 We agree with the district court that this appeal is completely without merit. The district court's finding of performance under the settlement by the plaintiffs is not clearly erroneous. The settlement in the South Carolina district court and the performance by the plaintiffs of the settlement agreement renders moot the New York suit. We therefore affirm the district court's opinion and judgment.
 
 
 4
 AFFIRMED.